UNITED STATES of America, Plaintiff–Appellee,

v.

Alfonso ELIZALDE–SANCHEZ, Defendant–Appellant.

No. 05–40070. Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, U.S. Attorney's Office, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Alfonso Elizalde–Sanchez (Elizalde) appeals his sentence for being present in the United States after having been deported following a felony conviction. For the first time on appeal, Elizalde asserts that the district court's belief during sentencing that the Federal Sentencing Guidelines were mandatory, rather than advisory, is reversible error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In his plea agreement, Elizalde waived his right to appeal

---

his sentence, and this waiver encompasses his *Booker* claim. *See United States v. Burns,* 433 F.3d 442, 446–50 (5th Cir.2005); *United States v. Bond,* 414 F.3d 542, 545–46 (5th Cir.2005); *United States v. McKinney,* 406 F.3d 744, 746–47 (5th Cir.2005). This portion of the appeal is therefore dismissed.

Elizalde asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Elizalde's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Elizalde contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Elizalde properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED IN PART; DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.