United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2005**

Charles R. Fulbruge III
Clerk

REVISED JANUARY 6, 2006

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-11357

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CREADELL BURNS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before GARWOOD, PRADO and OWEN, Circuit Judges.

GARWOOD, Circuit Judge:

Creadell Burns seeks to appeal his sentence on the ground that the district court erred by treating the Federal Sentencing Guidelines as mandatory. Finding that Burns entered into a valid appeal waiver that encompasses this appeal, we dismiss Burns's appeal.

**Proceedings Below**

On November 13, 2002, Burns and six co-defendants were indicted in the United States District Court for the Northern District of Illinois.  The twenty-two count indictment charged Burns with one count of devising and participating with others in a scheme to defraud banks (count one) and four counts of specific instances of bank fraud and aiding and abetting (counts 11 through 14), all in violation of 18 U.S.C. § 1344 and § 2.  On August 4, 2003, Burns was taken into federal custody in the Northern District of Texas.  On September 30, 2003, Burns indicated he wanted to plead guilty, waived his right to a trial in the Northern District of Illinois, and consented to the disposition of his case in the Northern District of Texas.  On June 8, 2004, the case was transferred to the Northern District of Texas.

On July 21, 2004, in exchange for the dismissal of the remaining counts, Burns pleaded guilty to a single count of bank fraud (count 11 of the indictment) pursuant to a June 22, 2004 written plea agreement containing the following appeal waiver:

> "BURNS waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. §2255, on any ground, except for claims of ineffective assistance of counsel.  BURNS, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court,

2

or (iii) an arithmetic error at sentence, and (b) to challenge the voluntariness of his plea of guilty or this waiver."

After the guilty plea was accepted and entered, Burns, in his September 2004 objections to the Presentence Report, objected, under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which had been handed down June 24, 2004, to the use of the Federal Sentencing Guidelines (Guidelines) to determine his sentence. At sentencing on November 3, 2004, the district court overruled Burns's objection based on this court's July 12, 2004 decision in *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), *vacated*, 125 S.Ct. 1003 (2005), that *Blakely* did not apply to the Guidelines. With an offense level of 15 and a criminal history category of I, the applicable Guidelines range for Burns was 18 to 24 months' imprisonment and three to five years' supervised release. The district court, following the Guidelines, sentenced Burns to a twenty-four month term of imprisonment and a three-year term of supervised release. Burns was also ordered to pay restitution, jointly and severally with his co-offenders, in the amount of $500,137.03. The remaining counts of the indictment were then dismissed as to Burns pursuant to the plea agreement. Burns at no time sought to withdraw his plea. On November 4, 2004, Burns timely filed his notice of appeal.

Burns's appeal relies on the Supreme Court's January 12, 2005 decision in the consolidated cases of *United States v. Booker* and *United States v. Fanfan*, 125 S.Ct. 738 (2005), which, among other things, held that *Blakely* did apply to the Guidelines. In his original brief, Burns argued that his appeal waiver did not apply to his appeal "because a defendant cannot waive a right that did not exist at the time of the supposed waiver." Pointing to the appeal waiver, the government promptly filed a motion to dismiss, which was denied by a motions panel of this court without comment. The government then filed a motion for reconsideration in light of *United States v. McKinney*, 406 F.3d 744 (5th Cir. 2005). In denying the government's motion for reconsideration, the motions panel noted that the *McKinney* opinion was not on point because the defendant in *McKinney* had not challenged the validity of his appeal waiver, but had instead argued that an explicit exception to his appeal waiver was applicable. The motions panel also noted that this court has not yet addressed the specific argument raised by Burns.

Burns, who was taken into federal custody on August 3, 2003, has now completed his term of imprisonment, and is currently on supervised release. Because the statute under which he was convicted did not require a term of supervised release, he now seeks remand for partial resentencing as to supervised release under advisory Guidelines.

**Jurisdiction**

The district court had jurisdiction under 18 U.S.C. § 3231, and this court has jurisdiction under 28 U.S.C. § 1291.

**Discussion**

The imposition of a sentence under the then-mandatory Guidelines is what this court has termed *Fanfan* error. *See United States v. Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir. 2005). Burns argues that the district court committed *Fanfan* error by following the Guidelines' then-mandatory requirement to sentence Burns to at least three years of supervised release following any sentence to imprisonment for more than one year for a Class B felony,[1] see U.S.S.G. §§ 5D1.1, 5D1.2(a)(1), where no statute *required* any term of supervised release for the offense of conviction (although three years' supervised release following imprisonment is and was statutorily *authorized* for the offense of conviction under 18 U.S.C. § 3583(a) & (b)(1)). He seeks only vacation of his term of supervised release and remand to the district court to determine whether a term of supervised release is appropriate and, if so, of what length.

**A. *Standard of Review***

Because Burns objected below to the use of the Guidelines to determine his sentence, review of this error would be under the

---

[1] The offense of conviction, violation of 18 U.S.C. § 1344, provides for a statutory maximum term of imprisonment of 30 years, and is hence a Class B felony. 18 U.S.C. § 3559(a)(2).

5

harmless error standard.  *United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005).  Before review for harmless error, however, we first address the government's argument that Burns validly waived his right to bring this appeal.  *See United States v. Cortez*, 413 F.3d 502 (5th Cir. 2005); *McKinney*.  Whether an appeal waiver is valid is a question of law that receives *de novo* review.  *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992).

**B.  *The right to appeal a sentence conferred by 18 U.S.C. § 3742***

There is no constitutional right to appeal a criminal sentence.  *See Jones v. Barnes*, 103 S.Ct. 3308, 3312 (1983); *see also United States v. Melancon*, 972 F.2d 566, 567 ("The right to appeal is a statutory right, not a constitutional right.").  Congress has, however, provided a federal criminal defendant with a limited statutory right to appeal his sentence, as follows:

> "(a) Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
>
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."

6

18 U.S.C.A. § 3742.

These four statutory grounds are the only grounds provided for a defendant to appeal an otherwise final sentence.

A sentence imposed pursuant to *Fanfan* error would normally be appealable under section 3742(a)(1) as a sentence "imposed in violation of law," or, arguably, under section 3742(a)(2) as a sentence "imposed as a result of an incorrect application of the sentencing guidelines."[2]  With certain specified exceptions, however, Burns expressly waived the rights conferred by section 3742 to appeal his sentence.  Burns does not argue that any of the exceptions stated in the plea agreement to its appeal waiver provisions is applicable.[3]  He does not claim that his guilty plea is invalid or seek to set it aside.  Burns also does not

_____

[2]Because Burns waived his rights under both of these provisions, we need not decide under which provision his appeal would have otherwise been allowed. Our published cases that have allowed similar appeals under *Booker* or *Fanfan* have not explicitly identified which statutory provision authorizes the appeal. *See, e.g.*, *United States v. Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir. 2005); *United States v. Pennell*, 409 F.3d 240 (5th Cir. 2005).  In considering a different constitutional challenge to a sentence, the Supreme Court noted that, "if respondent's constitutional claim . . . were sound, her sentence would have been 'imposed in violation of law'" and therefore her appeal would be authorized under section 3742(a)(1).  *United States v. Ruiz*, 122 S.Ct. 2450, 2454 (2002).

One unpublished opinion of this court does address the statutory ground for a *Booker* appeal, finding it properly brought under section 3742(a)(1).  *See United States v. De Los Santos*, No. 03-40990, 2005 WL 2662459 (5th Cir. Oct. 19, 2005).  The *De Los Santos* case addressed the section 3742 ground because the appeal waiver in that case included an explicit exception for the defendant's right "to appeal an *illegal sentence* as set forth in [18 U.S.C. § 3742(a)(1) ]." *De Los Santos*, 2005 WL 2662459 at *1 (emphasis added).  Considering this exception to the appeal waiver, we stated: "We construe any ambiguity in the plea agreement against the Government.  De Los Santos's *Booker* challenge falls within the broad exception in the appeal waiver allowing an appeal of an 'illegal sentence.'" *Id.* (citations omitted).

[3]  And certainly no such exceptions are facially applicable or apparent on the record.

7

argue that his plea agreement, or his appeal waiver in general or as a whole, is invalid.[4] Instead, Burns argues that the appeal waiver should not, or may not validly, apply to waive appeal of the *Fanfan* error which he asserts because at and before his sentencing there was no right to be sentenced under advisory, non-mandatory guidelines as subsequently provided for in Justice Breyer's *Booker* remedial opinion.

---

[4]Nor would such an argument prevail. See, e.g., *McKinney* at 745-46; *Cortez*. The July 21, 2004 plea colloquy demonstrates that the magistrate judge complied with all of the requirements of Rule 11 of the Federal Rules of Criminal Procedure. The court informed Burns, "You have the right to appeal the sentence that the court imposes, unless you waive that right." Burns stated that he understood. The court went over Burns's plea agreement with him, including the appeal waiver:

> The court: "And 11 is your waiver of rights to appeal or otherwise challenge your sentence. In paragraph 11 you are waiving your rights conferred by 28 U.S.C., Section 1291, and 18 U.S.C., Section 3742, to appeal any sentence — conviction and sentence in this matter, as well as you're waiving your right to bring any action under habeas corpus petition, which is under 28 U.S.C. 2241 and 2255. However, you have reserved your right to challenge on a habeas corpus petition a claim of ineffective assistance of counsel. In addition, you've reserved your right to bring a direct appeal of a sentence which exceeds the statutory maximum, an upward departure from the guideline range deemed most applicable by Judge Kinkeade, arithmetic errors at sentencing, and a challenge to the voluntariness of your plea of guilty. Do you understand you have the right to appeal, and bring collateral proceedings under 2241 and 2255?"

> Burns: "Yes, sir."

> The court: "And do you wish to waive those rights except in these limited circumstances?"

> Burns: "Yes, sir."

Burns consented in writing to the magistrate judge conducting the Rule 11 hearing. The magistrate judge on July 21, 2004, recommended acceptance of the plea, and on August 12, 2004, the District court accepted the plea and adjudged Burns guilty.

***C. Burns's argument that he could not validly waive appeal of
the Fanfan issue.***

Burns claims that it was impossible for him to have validly
waived his right to appeal the *Fanfan* error here complained of
because *Booker/Fanfan* had not been decided at the time of his
plea.  In support, Burns cites the following statement made by
this court in *Williams v. Alabama*, 341 F.2d 777 (5th Cir. 1965):
"A waiver, in any kind of a case, is an intentional
relinquishment of an *existing* right. 'The right . . . allegedly
waived *must be in existence* and be known to exist by the party
possessing it . . . .'" *Id.* at 780–81 (quoting *Chambers & Co. v.
Equitable Life Assurance Soc.*, 224 F.2d 338, 345 (5th Cir. 1955).

In *Williams*, the appellant-prisoner (Williams) appealed the
dismissal of his petition for habeas corpus.  *Id.* at 778.  It was
clear from the record that Williams had been denied the
assistance of counsel at his arraignment.  *Id.* at 780.
Nonetheless, the State of Alabama apparently assumed that
Williams's waiver (at trial) of his right to counsel acted as a
retroactive waiver of his right to counsel at arraignment.  *Id.*
This court, in rejecting Alabama's assumption of a retroactive
waiver by Williams, noted that "[a] present or future right can
be waived, but not a right already lost. . . .  Williams's waiver
of counsel at his trial could not operate prospectively to
deprive him of a right to counsel on appeal . . . ; nor could his

9

waiver operate retrospectively to deprive him of a right he was no longer in a position to exercise. " *Id.* at 781. In sum, our *Williams* opinion rejected the implicit waiver of one right based on the explicit waiver of a different right at a different stage in the trial. That situation is not presented in this case because Burns explicitly waived his right to appeal, a future and known right of which he was advised that, as we noted in *Williams*, can be waived.

The only other case that Burns cites in support of his position is the recent Supreme Court decision in *Halbert v. Michigan*, 125 S.Ct. 2582 (2005). Halbert was an indigent defendant who was convicted in Michigan state court on his plea of *nolo contendere*. *Id.* at 2595. After sentencing, Halbert asked the trial court to appoint counsel to help him with his application for leave to appeal his sentence. The trial court twice denied his request, noting the second time "that Halbert 'does not have a constitutional . . . right to appointment of appellate counsel to pursue a discretionary appeal.'" *Id.* at 2590 (quoting the Michigan trial court). Proceeding without counsel, Halbert filed an application for leave to appeal, but the Michigan intermediate court of appeal denied his application. *Id.* Halbert, again *pro se*, then filed an application to the Michigan Supreme Court, which also denied his application. The narrow issue before the Supreme Court in *Halbert* was whether the

10

State of Michigan could constitutionally deny appointed appellate counsel to indigents who had been convicted by plea and who sought the assistance of counsel in preparing their application for leave to appeal.  The Supreme Court held that Michigan's denial of appointed counsel to indigents for this stage of the proceedings was unconstitutional.  *Id.* at 2590–95.

The presently relevant issue from *Halbert* is Michigan's contention that Halbert had waived his right to appointed counsel to assist in requesting leave to appeal by pleading *nolo contendere*.  *Id.* at 2594.  The Court dismissed Michigan's waiver argument with the following comments:

> "At the time he entered his plea, Halbert, in common with other defendants convicted on their pleas, had no recognized right to appointed appellate counsel he could elect to forgo.  Moreover, as earlier observed, the trial court did not tell Halbert, simply and directly, that in his case, there would be no access to appointed counsel.  See *supra*, at 2589; *cf. Iowa v. Tovar,* 541 U.S. 77, 81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) ('Waiver of the right to counsel, as of constitutional rights in the criminal process generally, must be a "knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances."' (quoting *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)))."  125 S.Ct. at 2594.

Footnote seven in the *Halbert* majority opinion also relates to the waiver analysis, stating in relevant part: "No conditional waiver — 'on[e] in which a defendant agrees that, if he has . . . a right, he waives it' — is at issue here.  Further, nothing in Halbert's plea colloquy indicates that he waived an 'unsettled,'

11

but assumed, right to the assistance of appointed appellate counsel, post-plea." *Id.* at 2594 n.7 (citations omitted).[5]

Justice Thomas, joined by Chief Justice Rehnquist and Justice Scalia, dissented in *Halbert*. In a footnote, Justice Thomas expressed his concern about the majority's treatment of Michigan's waiver argument:

> "Moreover, the majority's failure to make clear which sources of law are to be considered in deciding whether a right is 'no[t] recognized,' *ante*, at 2594, and hence nonwaivable, is bound to wreak havoc. For instance, suppose that a defendant waived the right to appeal his sentence after the regional Court of Appeals had held that the principle of *Blakely v. Washington* did not apply to the United States Sentencing Guidelines, but before this Court held the contrary in *United States v. Booker*. The defendant could claim that, in his circuit, the Sixth Amendment right against the application of the Guidelines was 'no[t] recognized,' and hence that the right was nonwaivable." *Halbert*, 125 S.Ct. at 2604 n.2 (Thomas, J., dissenting) (internal citations omitted).

---

[5] *Halbert*'s note eight reflects the majority's concern with the impact of a broad waiver rule on indigent defendants and their right to counsel:

> "We are unpersuaded by the suggestion that, because a defendant may be able to waive his right to appeal entirely, Michigan can consequently exact from him a waiver of the right to government-funded appellate counsel. Many legal rights are 'presumptively waivable,' and if Michigan were to require defendants to waive all forms of appeal as a condition of entering a plea, that condition would operate against moneyed and impoverished defendants alike. A required waiver of the right to appointed counsel's assistance when applying for leave to appeal to the Michigan Court of Appeals, however, would accomplish the very result worked by Mich. Comp. Laws Ann. § 770.3a (West 2000): It would leave indigents without access to counsel in that narrow range of circumstances in which, our decisions hold, the State must affirmatively ensure that poor defendants receive the legal assistance necessary to provide meaningful access to the judicial system." *Id.* at 2594 n.8 (citations omitted).

12

Although Burns's situation does match the scenario described by Justice Thomas, there are significant differences between this case and *Halbert*. The majority's waiver analysis in *Halbert* does not address the issue raised by Burns. In *Halbert*, the Court dealt with an *implicit* waiver that, according to Michigan, necessarily followed from Halbert's *nolo contendere* plea. In contrast, this case involves a plea agreement with an *explicit* waiver of the right to appeal. Moreover, the explicit waiver by Burns was part of the consideration for the government's agreement to dismiss the remaining charges in the indictment. Another significant difference is that the *Halbert* case implicated the criminal defendant's right to counsel, which is a "fundamental constitutional right[]" for which the "'courts indulge every reasonable presumption against waiver.'" *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023 (1938) (speaking of the right to counsel and quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811 (1937) (speaking of the right to jury trial)). The waiver that Burns challenges, in contrast, deals only with his right to appeal his sentence. Unlike the defendant's right to counsel, the right to appeal is not a fundamental constitutional right. *See Jones v. Barnes*, 103 S.Ct. at 3312; *see also Melancon*, 972 F.2d at 567. Yet another difference between *Halbert* and this case is that the Michigan statute found unconstitutional in *Halbert* implicated concerns

13

with ensuring equal access to the judicial system for indigent defendants.  *Halbert*, 125 S.Ct. at 2594 n.8.

**D.  *The relevant circumstances***

"Waivers of constitutional rights[6] not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."  *Brady v. United States*, 90 S.Ct. 1463, 1469 (1970).  In determining the validity of a waiver, the court must "consider[] all of the relevant circumstances surrounding it." *Id.*  In *Brady*, the defendant (Brady) had pleaded guilty, at least in part due to 18 U.S.C. § 1201(a), which made the death penalty applicable only to those defendants who pleaded not guilty. After Brady was convicted and sentenced, section 1201(a) was held unconstitutional in *United States v. Jackson*, 88 S.Ct. 1209 (1968).  Following the *Jackson* decision, Brady sought section 2255 relief claiming that his guilty plea was not valid "because § 1201(a) operated to coerce his plea."  *Id.* at 1466.  The Court noted that Brady had been "advised by competent counsel" and that

---

[6]As previously noted, the right at issue in Burns is not a constitutional right, but if his waiver would be valid for a constitutional right, then it is *a fortiori* valid for a statutory right.  This is not to imply that a waiver of the right to appeal is afforded no protection.  On the contrary, the right to appeal "'is a right which is fundamental to the concept of due process of law,' and therefore has constitutional implications." *United States v. Mendiola*, 42 F.3d 259, 260 n.1 (5th Cir. 1994) (quoting *Arrastia v. United States*, 455 F.2d 736, 739 (5th Cir. 1972)).  Indeed, Rule 11 of the Federal Rules of Criminal Procedure was amended in 1999 to ensure that a defendant's waiver of certain appellate rights is "voluntarily and knowingly made." Fed.R.Crim.P. 11, Advisory Committee Notes, 1999 Amendments.  In this case, the requirements of Rule 11 were carefully followed.  *See supra* note 4.

Brady's plea had been "intelligently made."  *Id.* at 1473.

Significantly, the Court stated:

> "The rule that a plea must be intelligently made to be
> valid does not require that a plea be vulnerable to
> later attack if the defendant did not correctly assess
> every relevant factor entering into his decision. . . .
> More particularly, absent misrepresentation or other
> impermissible conduct by state agents, a voluntary plea
> of guilty intelligently made in the light of the then
> applicable law does not become vulnerable because later
> judicial decisions indicate that the plea rested on a
> faulty premise."  *Id.*

This court, in three unpublished opinions, has relied on *Brady* to dismiss the same argument that Burns raises here.[7]  All of the other regional circuits have also relied on *Brady* — or on cases that rely on *Brady* — to reject arguments similar to the ones that Burns raises here.[8]  Admittedly, none of the other circuits

---

[7]In *United States v. Guinyard*, the panel stated, "The record reflects that Guinyard knowingly waived his right to appeal his sentence. . . .  The fact that *Booker* was decided after Guinyard entered his guilty plea does not invalidate the plea."  *United States v. Guinyard*, No. 04-11133, 2005 WL 2404790, *2 (5th Cir. Sep. 29, 2005) (citing *Brady*).  In *United States v. Bochas*, the defendant argued that "his appeal waiver should not be enforced . . . because, under [*Booker*], the sentencing guidelines have been rendered advisory rather that mandatory.  This argument is unavailing because 'a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.'" *United States v. Bochas*, 131 Fed.Appx. 968, 969–70 (5th Cir. May 20, 2005) (quoting *Brady*).  In *United States v. Morales-Pineda*, the defendant argued "that his appeal waiver, to which he agreed before the Supreme Court issued its decision in [*Booker*], was based on the erroneous advice that the guidelines were mandatory and that the district court was required to issue a sentence in conformity with those guidelines.  However, this argument is unavailing.  *See Brady v. United States*, . . . ."  *United States v. Morales-Pineda*, 132 Fed.Appx. 528, 529 (5th Cir. May 26, 2005).

[8]*See United States v. Sahlin*, 399 F.3d 27 (1st Cir. 2005); *United States v. Morgan*, 406 F.3d 135 (2d Cir. 2005); *United States v. Lockett*, 406 F.3d 207 (3rd Cir. 2005); *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005); *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005); *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005); *United States v. Killgo*, 397 F.3d 628 (8th Cir. 2005); *United States v. Cardenas*, 405 F.3d 1046 (9th Cir. 2005); *United States v. Green*, 405 F.3d 1180 (10th Cir. 2005); *United States v. Rubbo*, 396 F.3d 1330 (11th Cir.

15

considered this argument in light of *Halbert* and the footnote in Justice Thomas's dissent.  However, considering the aforementioned distinguishing aspects of *Halbert* and the fact that the *Halbert* majority cited approvingly to *Iowa v. Tovar*, 124 S.Ct. 1379 (2004), and its reliance on the "sufficient awareness of the relevant circumstances" analysis of *Brady*, *see Halbert*, 125 S.Ct. at 2594, we deem it highly unlikely that *Halbert*'s narrow analysis of Michigan's waiver argument would lead any of the other circuits to change their position on the argument presented here.

The terms of Burns's waiver expressly include all of the rights to appeal conferred by 18 U.S.C. § 3742 as well as those conferred by 28 U.S.C. § 1291.  Burns, knowing the appellate rights he had, waived all those rights with several specific exceptions, none of which are applicable, or even claimed to be applicable, here.[9]

---

2005).  So far as we are aware, the District of Columbia Circuit has not addressed the matter.

[9] Burns also knew at the July 21, 2004 Rule 11 hearing that the Supreme Court's *Blakely* decision had struck down the State of Washington's statutory sentencing guidelines on constitutional grounds that were more than arguably applicable to the Federal Sentencing Guidelines, and that at least one circuit court had held that *Blakely* did so apply.  *United States v. Booker*, 375 F.3d 508 (7th Cir. July 9, 2004).  Moreover, Burns raised a *Blakely* objection to the use of the Guidelines to determine his sentence.  While Burns was also then aware of this court's July 12, 2004 holding in *Pineiro* that *Blakely* did not apply to the Guidelines, nonetheless, in *Pineiro* we stated that "[t]his court assuredly will not be the final arbiter of whether *Blakely* applies to the federal Guidelines." 377 F.3d at 465.  Even though Burns demonstrated his knowledge of *Blakely* and its potential impact on the Guidelines, he waived his right to appeal his sentence, subject to certain concededly inapplicable exceptions.  That Burns did not know whether or how the Supreme Court would apply its *Blakely* holding to the Guidelines does not invalidate his appeal waiver.  Moreover, Burns did not

## Conclusion

We join the other circuits in holding that an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a *Booker* or *Fanfan* issue (whether or not that issue would have substantive merit), merely because the waiver was made before *Booker*. Apart from being made pre-*Booker*, Burns's waiver is clearly otherwise valid, voluntary, knowing and intelligent, and applicable to the *Fanfan* issue which constitutes his sole ground of appeal. Accordingly, Burns's appeal is dismissed.

APPEAL DISMISSED

---

attempt to withdraw his guilty plea and the accompanying appeal waiver (or to amend the terms of his appeal waiver) when the district court overruled his *Blakely* objection. Instead, he seeks to now unilaterally modify the appeal waiver in his plea agreement while retaining the benefit of the government's concessions.