United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-21012
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BUICHECU THOMAS TAIWO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-81-12
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the conviction and sentence that

Buichecu Thomas Taiwo received after he pleaded guilty to

conspiracy to commit bank fraud and bank fraud. United States v.

Taiwo, No. 03-21012 (unpublished; green tab). The Supreme Court

vacated and remanded for further consideration in light of

United States v. Booker, 540 U.S. 220 (2005). See Taiwo v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States, 125 S. Ct. 1955 (2005).  We requested and received supplemental letter briefs addressing the impact of Booker.

Before we reach whether Taiwo's sentence should be vacated under Booker, we must address the Government's argument that Taiwo validly waived his right to appeal his sentence.  See United States v. Burns, 443 F.3d 442 (5th Cir. Dec. 13, 2005)(No. 04-11357), 2005 WL 3388548 at *2.  Taiwo argues that it was impossible for him to have validly waived his right to appeal a Booker issue when Booker had not been decided at the time that he pleaded guilty.  In Burns, this court held that "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a Booker or Fanfan issue . . . merely because the waiver was made before Booker."  Id. at *7.  Taiwo's argument is, therefore, unavailing.  His appeal waiver is valid and applies to preclude our review of his third, fourth, and fifth supplemental issues insofar as they challenge the sentence that he received.

Taiwo also argues that his guilty plea was not knowing and voluntary because the district court failed to inform him, as is required by FED. R. CRIM. P. 11, that the amount of intended loss, to which he did not admit, as well as his role in the offense, were essential elements of his offense that the Government had to prove beyond a reasonable doubt.  When Taiwo pleaded guilty, under controlling law in this circuit, the district court had no duty under Rule 11 to advise Taiwo that he had a right to a jury

trial on the amount of intended loss or his role in the offense inasmuch as they were not elements of the offense to which he pleaded guilty.  See United States v. Pineiro, 377 F.3d 464, 465 (5th Cir. 2004), vacated, 125 S. Ct. 1003 (2005), remanded to 410 F.3d 282.  Accordingly, there was no Rule 11 error, nor was the fairness of the proceedings affected by any purported error.  See United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our earlier judgment affirming Taiwo's conviction and sentence.

AFFIRMED.