United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40868
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO ALBERTO ARVIZU-GARCIA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-184-ALL
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the conviction and sentence of Hugo
Alberto Arvizu-Garcia (Arvizu) for illegal reentry. United
States v. Arvizu-Garcia, No. 04-40868 (5th Cir. Dec. 17, 2004)
(unpublished). The Supreme Court vacated and remanded for
further consideration in light of United States v. Booker, 543
U.S. 220 (2005). Arvizu challenges the constitutionality of 8

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1326(b)(1) and (2) and, additionally, the district court's application of the mandatory Sentencing Guidelines.

Arvizu's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Arvizu contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Arvizu properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Arvizu's claim that the district court erred in sentencing him pursuant to the mandatory Sentencing Guidelines is barred by his valid appeal waiver. See United States v. Burns, 433 F.3d 442, 450-51 (5th Cir. 2005); United States v. Bond, 414 F.3d 542, 545 (2005).

AFFIRMED IN PART; DISMISSED IN PART.