United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21007
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

KYLE MERCHANT

                    Defendant - Appellant

                    ---------------------
          Appeal from the United States District Court
              for the Southern District of Texas
                   USDC No. 4:02-CR-368-3
                    ---------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Kyle Merchant appeals his guilty-plea conviction of aiding

and abetting in the possession with intent to distribute 50 or

more grams of cocaine base.  He seeks to challenge his sentence

based on United States v. Booker, 543 U.S. 220 (2005).

     Merchant asserts that the merits of his appeal should be

addressed despite an appeal waiver in his plea agreement.  He

argues that the appeal waiver, which was entered before the

Supreme Court issued its decision in Booker, was not informed and

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntary because the waiver was based on the erroneous advice that the Sentencing Guidelines were mandatory and that the district court was required to issue a sentence in conformity with those Guidelines.  This argument is unavailing.  <u>See</u> <u>United States v. Burns</u>, 433 F.3d 442, 450-51 (5th Cir. 2005).  Merchant's appeal waiver is enforceable.

As part of his plea agreement, Merchant waived his right to appeal on any ground set forth in 18 U.S.C. § 3742, with the exception of an upward departure.  Merchant's sentence did not constitute an upward departure.  <u>See</u> <u>United States v. McKinney</u>, 406 F.3d 744, 746-47 (5th Cir. 2005).  Accordingly, we dismiss Merchant's appeal because it is barred by the waiver contained in the plea agreement.

APPEAL DISMISSED.