Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Rene Rolando Estrada–Ramirez (Estrada) appeals his guilty-plea conviction and sentence for illegal reentry after a previous deportation. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government seeks enforcement of the waiver provision in Estrada's plea agreement. We need not decide the applicability of the waiver in this case because this issue is foreclosed. *See Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Estrada contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Estrada properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit

precedent, but he raises it here to preserve it for further review.

AFFIRMED.

UNITED STATES of America, Plaintiff–Appellee,

v.

Gregory Kyle WILSON, Defendant–Appellant.

No. 04–41548.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided April 11, 2006.

Michelle S. Englade, Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Texas, Beaumont, TX, for Plaintiff–Appellee.

Bruce Wayne Cobb, Conley, Schexnaider & Associates, Beaumont, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Gregory Kyle Wilson appeals the sentence imposed following his guilty plea to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**472**

interstate travel in aid of racketeering. Wilson argues that (1) his sentence violates *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) the Feeney Amendment violates the Separation of Powers Clause, and (3) his base offense level calculation violated *Booker*. The Government seeks to enforce the waiver. By its plain language and the circumstances surrounding sentencing, Wilson's knowing and voluntary appeal waiver bars his challenge to his sentence. *See United States v. Burns*, 433 F.3d 442, 450–51 (2005); *United States v. Bond*, 414 F.3d 542, 545 (5th Cir.2005).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.