Bowen W. Sutton, Law Offices of Bowen W. Sutton, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Charles Anthony Neuman appeals the district court's revocation of his supervised release. Neuman argues that the protections afforded by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and FED. R.CRIM. P. 11 should be extended to supervised-release revocation proceedings. Neuman contends that the revocation of his supervised release should be vacated because the district court failed to fully comply with FED. R.CRIM. P. 11 because the court failed to admonish him of the minimum sentence he faced or the possibility of departure from the Sentencing Guidelines.

Because Neuman raises this argument for the first time on appeal, our review is for plain error only. *See United States v. Olano,* 507 U.S. 725, 732–33, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In *United States v. Johns,* 625 F.2d 1175, 1176 (5th Cir.1980), we held that FED.R.CRIM.P. 11 is inapplicable to probation-revocation hearings. The issue whether the district court should have complied with FED.R.CRIM.P. 11 at Neuman's revocation hearing is foreclosed by *Johns.* Thus, Neuman fails to demonstrate that the district court erred by not complying with FED.R.CRIM.P. 11.

We have not yet addressed the issue whether *Boykin* is applicable to supervised-release or probation-revocation hearings. *See Johns,* 625 F.2d at 1176. Given the lack of controlling authority in this circuit on this issue, any error by the district court with regard to *Boykin* was not clear or obvious and, therefore, does not meet the plain-error standard. *See United States v. Dupre,* 117 F.3d 810, 817 (5th Cir.1997).

To the extent that Neuman seeks to raise a claim under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the principles of *Booker* do not apply to revocations of supervised release. *See United States v. Hinson,* 429 F.3d 114, 118 (5th Cir.2005), *petition for cert. filed* (Mar. 8, 2006) (No. 05–9633). The district court's judgment is AFFIRMED.

UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Hewitt JONES, Defendant–Appellant.

No. 04–11465.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided April 11, 2006.

Aaron Wiley, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District

---

of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Robert Hewitt Jones appeals his sentence following his guilty plea conviction for theft or receipt of stolen mail matter in violation of 18 U.S.C. § 1708. He contends that he was sentenced in contravention of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Jones's plea agreement contained an express waiver of his right to appeal his sentence and he retained only the "rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel." The Government seeks to enforce the waiver. Our review of the record indicates that the waiver was knowing and voluntary and that under its plain language, it bars Jones's *Booker* arguments. *See United States v. Bond*, 414 F.3d 542, 545–46 (5th Cir.2005). The waiver is not invalid merely because it was

made before *Booker*. *See United States v. Burns*, 433 F.3d 442, 450–51 (5th Cir.2005).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

