United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20257
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GANIYU ATANDA OSHO,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-127-1
---------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:*

    Ganiyu Atanda Osho appeals the 57-month sentence imposed
following his guilty-plea conviction for aiding and abetting and
possession of stolen mail.  As part of his plea agreement, Osho
agreed to waive the right to appeal the sentence imposed and the
manner in which it was determined, except for a sentence above
the statutory maximum or an upward departure from the Sentencing
Guidelines.  The Government seeks to enforce the waiver.  Osho
argues that this waiver does not bar his appeal because his

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence exceeds the statutory maximum under <u>United States v. Booker</u>, 543 U.S. 220 (2005), since his sentence was enhanced based on facts to which he did not admit. He also contends that he could not have waived his rights under a decision that had not been issued at the time he pleaded guilty.

Osho's appeal waiver is enforceable and bars his right to challenge his sentence on the grounds asserted. <u>See</u> <u>United States v. Burns</u>, 433 F.3d 442, 450-51 (5th Cir. 2005); <u>United States v. Bond</u>, 414 F.3d 542, 545 (5th Cir. 2005); <u>United States v. Baymon</u>, 312 F.3d 725, 727 (5th Cir. 2002).

AFFIRMED.