United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40707
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL ESCAMILLA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:93-CR-151-4
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Escamilla appeals following his conviction and
sentence for possession with intent to distribute more than 100
kilograms of marijuana.  He contends that the district court
erred by adjusting his offense level due to his brother's
possession of a weapon and due to obstruction of justice.  He
argues that the waiver provision in his plea agreement does not
preclude an appeal from his sentence, in light of the issuance of
United States v. Booker, 543 U.S. 220 (2005), subsequent to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entry of his plea. The Government seeks enforcement of the waiver.

"[A]n otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a <u>Booker</u> or <u>Fanfan</u> issue . . . merely because the waiver was made before <u>Booker</u>." <u>United States v. Burns</u>, 433 F.3d 442, 450-51 (5th Cir. 2005). Moreover, <u>Booker</u> did not transform the district court's upward adjustments into upward departures that are appealable under the waiver provision. <u>See</u> <u>United States v. McKinney</u>, 406 F.3d 744, 746-47 (5th Cir. 2005). Additionally, judicial creation of an exception in every waiver provision for "material and unlawful misapplication of the Sentencing Guidelines" would effectively preclude waivers of any and all guideline misapplications. We routinely have enforced such waivers. <u>See</u>, <u>e.g.</u>, <u>Burns</u>, 433 F.3d at 443-44. Finally, appointment of appellate counsel did not constitute an implied finding that the waiver provision was inapplicable.

Escamilla has not shown that his plea waiver was involuntary or that it should not be enforced. Escamilla's arguments regarding the guideline sentencing adjustments thus are precluded by the waiver provision.

AFFIRMED.