United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11117
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ERIC DeLONG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CR-10-ALL
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Charles Eric DeLong appeals his conviction and sentence following his guilty plea to possession of a firearm in furtherance of a drug trafficking offense and to possession with the intent to distribute methamphetamine. DeLong argues that the district court erred in denying his motion to suppress evidence found after officers executed an investigative stop of a vehicle in which he was a passenger. He argues that the officers who stopped the vehicle did not have a reasonable suspicion that a crime had been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or was about to be committed. We review the legality of an investigative stop de novo. See United States v. Jaquez, 421 F.3d 338, 341 (5th Cir. 2005).

Law enforcement officers may initiate an investigative stop if they have reasonable suspicion that criminal activity is afoot. Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000). The fact that a stop is made in a high crime area alone does not supply reasonable suspicion. See Illinois v. Wardlow, 528 U.S. 119, 124 (2000). Rather, reasonable suspicion must be supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion. Goodson, 202 F.3d at 736. The police officers' testimony that the cemetery had previously been the scene of vandalism, coupled with the testimony that the vehicles entered the cemetery in tandem late at night and then backed out when the patrol car passed, supports the district court's determination that there was reasonable suspicion warranting the stop. The testimony that the cemetery was in an isolated area and that building materials were left unattended further supports the court's determination of a reasonable suspicion. We thus hold that the district court did not err in denying the motion to suppress the evidence seized as a result of the search. See Jaquez, 421 F.3d at 341.

DeLong next argues that the district court committed reversible error when it sentenced him under the mandatory

guidelines system held unconstitutional in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and that the error was not harmless beyond a reasonable doubt. He also argues that his sentence runs afoul of <u>Booker</u> and the Sixth Amendment because it was based on facts not admitted by him.

DeLong entered his guilty plea pursuant to a plea agreement. Although the plea agreement preserved DeLong's right to appeal the district court's denial of his motion to suppress, DeLong waived the right to appeal his sentence except in the case of a sentence exceeding the statutory maximum, a sentence representing an upward departure from the Sentencing Guidelines range, or an arithmetic error at sentencing. The Government seeks to enforce the waiver. DeLong argues that because <u>Booker</u> was not the law at the time of his sentencing, he could not have executed a valid waiver of his rights under <u>Booker</u>.

"The language in [an] appellate waiver must be afforded its plain meaning in accord with the intent of the parties at the time the plea agreement was executed." <u>United States v. Cortez</u>, 413 F.3d 502, 503 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 502 (2005). Thus, "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a <u>Booker</u> or <u>Fanfan</u> issue (whether or not that issue would have substantive merit), merely because the waiver was made before <u>Booker</u>." <u>United States v. Burns</u>, 433 F.3d 442, 450 (5th Cir. 2005). Because DeLong executed a valid waiver of his appellate rights with respect to his

3

challenge to his sentence, we dismiss this portion of his appeal. See id. at 451.

AFFIRMED IN PART; DISMISSED IN PART.