United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50923
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARISOL MINJAREZ SARABIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-4-2
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Marisol Minjarez Sarabia appeals her guilty plea conviction

and sentence for maintaining a premises within 1,000 feet of a

school for the purpose of distributing a controlled substance and

aiding and abetting.  She argues that the Government relied on

"extra-verdict facts" in declining to file a motion for a

downward departure in violation of her Sixth Amendment rights.

The Government seeks to enforce the waiver in the plea agreement,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguing that the appeal-waiver provision in Sarabia's plea agreement bars her appeal.

Sarabia does not argue that the waiver-of-appeal provision in her plea agreement was unknowing or involuntary. Moreover, at rearraignment, Sarabia acknowledged the existence of the plea agreement and the fact that she waived the right to appeal her conviction and sentence. She also stated that she had read the plea agreement before signing it and that she was entering into the plea voluntarily. The fact that Sarabia waived her right to appeal prior to the decision in United States v. Booker, 543 U.S. 220 (2005), does not change this result. See United States v. Burns, 433 F.3d 442, 450-51 (5th Cir. 2005). Accordingly, Sarabia's appeal is barred by the waiver contained in the plea agreement. United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

AFFIRMED.