**United States Court of Appeals**
**Fifth Circuit**
**F I L E D**

**October 9, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 05-10880

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT OGLE,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:02-CR-369-4

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Ogle appeals the denial of his motion to dismiss the indictment against him for

conspiring to distribute controlled substance outside the usual course of professional practice, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of 21 U.S.C. § 846 of the Controlled Substances Act ("CSA"), and conspiring to launder money, in violation of 18 U.S.C. §§ 1956, 1957. Ogle argues that the indictment improperly subjects him to criminal liability for a civil regulatory violation. Ogle also challenges the indictment on the ground that his prosecution under the CSA constitutes an impermissible federal regulation of medical practice, an area traditionally reserved to the states.

We review the district court's denial of Ogle's motion to dismiss his indictment *de novo*. *See United States v. Wilson*, 249 F.3d 366, 371 (5th Cir. 2001). Ogle, a physician, was indicted for violating 21 U.S.C. § 846 by conspiring to dispense hydrocodone over the internet in violation of 21 U.S.C. § 841(a)(1). Hydrocodone, a Schedule III controlled substance, can only be legally dispensed either directly by, or through the prescription of, a practitioner. 21 U.S.C. § 829(b). 21 C.F.R. § 1306.04, a regulation promulgated by the Attorney General, provides that only those prescriptions "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice" may be used to legally dispense controlled substances under § 829(b). 21 C.F.R. § 1306.04(a).

Ogle argues that the indictment reflects an attempt to impermissibly "bootstrap" a violation of 21 C.F.R. § 1306.04(a), which he characterizes as a civil regulation, into a criminal offense. This argument is without merit. § 1306.04(a) is not a civil regulation but instead an interpretive one that defines the circumstances subjecting practitioners to criminal prosecution. *United States v. Hayes*, 595 F.2d 258, 259 (5th Cir. 1979). Further, the indictment only charges Ogle with violating § 846 by conspiring to violate § 841(a)(1), and does not rely on § 1306.04(a) at all. It is well established that "registered physicians can be prosecuted under § 841 when their activities fall outside the usual course of professional practice." *United States v. Moore*, 423 U.S. 122, 124 (1975); *United States*

*v. Rosen*, 582 F.2d 1032, 1033 (5th Cir. 1978). The fact that the elements of Ogle's conduct necessary to prove the criminal offense under § 846 and § 841(a)(1) also encompass facts sufficient to prove a violation of § 1306.04(a) does not invalidate the indictment.

Ogle also contends that his prosecution under the CSA constitutes an impermissible federal regulation of medical practice. This issue was raised by Ogle below in a motion to reconsider his motion to dismiss the indictment but shares no common legal ground with the arguments made in the original motion to dismiss. The motion to reconsider was filed after Ogle pleaded guilty and waived most of his rights of appeal. After the district court denied this motion, Ogle failed to move to modify the original waiver of appeal, which only reserves the right to appeal the original order denying the motion to dismiss, to add an exception for the argument raised in the motion to reconsider. He also made no attempt to withdraw his guilty plea and accompanying waiver of appeal. Ogle's appeal of the district court's denial of the argument raised in the motion to reconsider is therefore barred by the waiver. *See United States v. Burns*, 433 F.3d 442, 450 n.9 (5th Cir. 2005) (enforcing defendant's waiver of appeal and barring consideration of issue on appeal where defendant did not seek to amend waiver or withdraw plea after court denied sentencing objection, and instead sought on appeal to modify the waiver while retaining the benefits of the government's concessions in the plea agreement).

AFFIRMED.