IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-20713
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PAMELIA JEAN STEPHENS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-387-1

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pamelia Jean Stephens appeals her 15-month sentence following her guilty plea conviction for making false statements to obtain federal employees' compensation. Stephens entered her plea pursuant to a plea agreement in which she waived the right to appeal her conviction and sentence. She contends, however, that the appeal waiver and her guilty plea should be deemed involuntary due to the district court's failure to comply with the requirements of FED. R. CRIM. P. 11 during her rearraignment. She further contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court failed to comply with the requirements of FED. R. CRIM. P. 32 during sentencing. She requests this court to reverse her conviction and sentence.

When, as here, a defendant does not object to Rule 11 errors in the district court, plain error review applies. See United States v. Vonn, 535 U.S. 55, 59 (2002). To show plain error, the appellant must show an error that is clear or obvious and that affects her substantial rights. United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. Stephens has failed to show that, but for the Rule 11 errors, she would not have pleaded guilty. See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). Accordingly, she has failed to show that her plea was unknowing and involuntary. See id. Furthermore, the record shows that Stephens was informed of the appeal waiver and understood its terms. Accordingly, the waiver, which the Government seeks to enforce, is enforceable. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994). As such, her challenge to the sentencing proceedings are barred by the appeal waiver. See United States v. Burns, 433 F.3d 442, 445 (5th Cir. 2005).

Affirmed.