**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-20264
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ISMAEL MUNOZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:95-CR-142-32

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Ismael Munoz appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute 100 kilograms or more of marijuana and conspiracy to launder monetary instruments. While Munoz did not file a timely notice of appeal, the district court granted him the right to file an out-of-time appeal in a 28 U.S.C. § 2255 proceeding. The district court, however, did not vacate and reenter the judgment of conviction. Thus, Munoz's instant notice of appeal was filed more than three years after the original

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal judgment was entered against him, and it is untimely. *See* FED. R. CRIM. P. 4(b)(1)(A). However, the time limit for filing a criminal appeal is not jurisdictional and can be waived. *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir.), *cert. denied*, 128 S. Ct. 728 (2007). Because the Government does not oppose Munoz's out-of-time appeal, it has waived the application of Rule 4(b). Accordingly, we may address the Munoz's appeal.

Munoz argues that the district committed *Fanfan* error under *United States v. Booker*, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. The Government contends that Munoz's appeal is barred by the appeal waiver in his plea agreement.

In the appeal waiver, Munoz waived his right to appeal his sentence on any ground. The record shows that the appeal waiver was knowing and voluntary and is enforceable. *See United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992). Contrary to Munoz's argument, the appeal waiver bars the consideration of Munoz's claim of *Fanfan* error. *See United States v. Burns*, 433 F.3d 442, 445-51 (5th Cir. 2005).

The Government has filed an unopposed motion for leave to file its brief under seal. The motion is granted.

AFFIRMED; MOTION FOR LEAVE TO FILE APPELLEE'S BRIEF UNDER SEAL GRANTED.