# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 7, 2010

Lyle W. Cayce
Clerk

No. 09-30850
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY MAURER,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-112-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roy Maurer appeals the 188-month sentence he received following his guilty-plea conviction for distributing methamphetamine, in violation of 21 U.S.C. § 841(a). He seeks to challenge the district court's calculation of his guidelines range, specifically, the determination of the quantity of drugs attributable to him as relevant conduct for sentencing purposes. The Government argues that the appeal is barred by the appeal waiver in Maurer's plea agreement. Maurer contends that the waiver is unenforceable because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not review the contents of the waiver verbatim with him after it was read into the record and that, as a result, it cannot be said with certainty that the waiver was knowingly and intelligently made. Maurer specifically faults the district court for failing to advise him that the waiver would bar a challenge to any relevant-conduct determinations.

For a defendant's waiver of his right to appeal to be knowing and voluntary, the "defendant must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). A waiver is both knowing and voluntary if the defendant "indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). As part of the plea colloquy, the district court must address the defendant in open court and determine whether the defendant understands the waiver. *See* FED. R. CRIM. P. 11(b)(1)(N). We review the validity of an appeal waiver de novo. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).

At rearraignment, the plea agreement was read in its entirety into the record, and Maurer stated under oath that he had read and signed it. The district court explained the waiver of appeal provision to Maurer, and Maurer indicated that he had reviewed it with counsel and understood it. He raised no question about his plea or the waiver provision. The waiver is therefore valid and enforceable. *See* FED. R. CRIM. P. 11(b)(1)(N); *McKinney*, 406 F.3d at 746.

Maurer makes no argument that his sentencing challenge falls within one of the enumerated exceptions to the waiver in his plea agreement. Instead, he contends that, even if enforceable, the waiver should not bar his appeal because the failure to consider his claim will result in a miscarriage of justice. This court routinely has ruled that issues waived in a valid, enforceable appeal waiver need not be considered. *See, e.g., Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *McKinney*, 406 F.3d at 747. In the present case, we need not determine whether we should

2

adopt a miscarriage-of-justice exception to the enforcement of appeal waivers because Maurer's substantive claim is a relatively standard challenge to the district court's guidelines range calculation that would not fall within a miscarriage-of-justice exception. *See United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003); *United States v. Khattak*, 273 F.3d 557, 562-63 (3d Cir. 2001). Maurer "is bound to his obligations under the plea agreement," and the appeal waiver bars his appeal. *McKinney*, 406 F.3d at 747.

AFFIRMED.