United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10152
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DOMINGO CORTEZ, also known
as J.D. Cortez,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Northern District of Texas

--------------------
ON REHEARING

Before GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:

We granted panel rehearing in light of the holding in United States v. Booker, 125 S. Ct. 738 (2005) that Blakely v. Washington, 124 S. Ct. 2531 (2004) is applicable to the federal sentencing guidelines. We now withdraw our earlier opinion and substitute the following. See FED. R. APP. P. 40(a)(4)(C).

Juan Domingo Cortez appeals his sentence imposed following his guilty plea to theft or embezzlement concerning programs receiving federal funds and aiding and abetting. Cortez was

sentenced to a term of imprisonment of 63 months to be followed by a three-year term of supervised release.  Cortez was also ordered to pay restitution in the amount of $805,083.55 and a fine of $20,000.

The Government filed a motion to dismiss based on an appeal waiver in Cortez's plea agreement.  The record reflects that Cortez knowingly and voluntarily waived his right to appeal his sentence in his plea agreement and, thus, that the waiver was validly made.  United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).  However, Cortez argues that he did not waive the right to appeal a sentence above the statutory maximum as that term was defined in Blakely.

The language in the appellate waiver must be afforded its plain meaning in accord with the intent of the parties at the time the plea agreement was executed.  United States v. McKinney, ___ F.3d ___, No. 04-41223, 2005 WL 887153 at *2-3 (5th Cir. Apr. 15, 2005).  There is no indication that the parties intended that the exception in the appellate waiver for "a sentence exceeding the statutory maximum punishment" would have a meaning other than its ordinary and natural meaning.  Id.; see United States v. Rubbo, 396 F.3d 1330, 1334-35 (11th Cir. 2005); United States v. West, 392 F.3d 450, 460-61 (D.C. Cir. 2004).  Thus, the exception for a sentence imposed above the statutory maximum shall be afforded its natural and ordinary meaning of "the upper

limit of punishment that Congress has legislatively specified for violations of a statute." Rubbo, 396 F.3d at 1334-35.

The maximum statutory sentence that could be imposed for Cortez's offense was ten years. 18 U.S.C. § 666(a). His 63-month sentence does not fall within the exception to the appeal waiver. The waiver is upheld, the Government's motion to dismiss is GRANTED, and the appeal is DISMISSED. See United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).