United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

———————

m 04-10386

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LAWAYLON HACKWORTH,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Northern District of Texas
m 3:03-CR-324-4-H

———————————

Before DAVIS, SMITH, and DENNIS,
  Circuit Judges.

PER CURIAM:[*]

Lawaylon Hackworth pleaded guilty of conspiring to steal firearms from a federally licensed firearms dealer and to receive, possess, conceal, and dispose of stolen firearms. The plea agreement waived Hackworth's right to appeal his sentence except for "(a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel."

After departing downward two levels under U.S.S.G. § 5K1.1, the district court sentenced Hackworth to fifty-one months' imprisonment, a sentence within the applicable guideline range and well below the statutory maximum of five years. In his appeal, however, Hackworth challenges the application of the sentencing guidelines under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which we construe as also a challenge under *United States v. Booker*, 125 S. Ct. 738 (2005), which was issued after Hackworth filed his brief.

Hackworth argues that his sentence was enhanced by facts found by the judge instead of by a jury, in violation of *Booker*. Hackworth framed his only issue on appeal as follows:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Facts used to increase a criminal defendant's sentence beyond an otherwise applicable statutory maximum must be charged by indictment and proven to a jury beyond a reasonable doubt or established by judicial confession. Here, the district court departed upward from Hackworth's statutory maximum sentence on the basis of facts neither found by a jury nor stipulated to by Hackworth. Didn't the district court reversibly err when enhancing Hackworth's sentence on the basis of such unproven facts?

The government moved to dismiss on the basis of the explicit waiver of appeal contained in the plea agreement. Hackworth did not oppose the motion. We granted it and dismissed the appeal.

After *Booker* was announced, Hackworth filed a petition for writ of certiorari. The Supreme Court vacated and remanded for further consideration in light of *Booker*. *Hackworth v. United States*, 125 S. Ct. 1424 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

In its letter brief, the government argues that the appeal should once again be dismissed on the basis of the waiver of appeal contained in the plea agreement. In his letter, Hackworth's attorney makes no reference to the appeal waiver and offers no explanation of why the waiver should not be enforced.

We conclude that Hackworth is foreclosed by the waiver from presenting his issues on appeal. To the extent that his opening brief can be deemed to present the argument that the term "statutory maximum in an appeal

waiver means the maximum sentence that can be imposed without judge-made factfindings, that issue is foreclosed by *United States v. Cortez*, 2005 U.S. App. LEXIS 11418, at \*2 (5th Cir. June 16, 2005) (per curiam) (on rehearing), in which this court held that "the exception for a sentence imposed above the statutory maximum shall be afforded its natural and ordinary meaning of 'the upper limit of punishment that Congress has legislatively specified for violations of a statute" (citing *United States v. Rubbo*, 396 F.3d 1330, 1334-35 (11th Cir. 2005); *United States v. West*, 392 F.3d 450, 460-61 (D.C. Cir. 2004)).[1]

The appeal is DISMISSED.

---

[1] *Accord United States v. Blick*, 2005 U.S. App. LEXIS 9742, at \*19 (4th Cir. May 27, 2005); *United States v. Luebbert*, 2005 U.S. App. LEXIS 9972, at \*3 (6th Cir. June 1, 2005); *United States v. Green*, 405 F.3d 1180, 1191-94 (10th Cir. 2005).