United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-10127
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARDIO TRIGG, also known as Trigg-C,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-00078-2
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This court dismissed Mardio Trigg's appeal of his sentence based on an appeal waiver provision in his plea agreement. United States v. Trigg, No. 04-10127 (5th Cir. July 6, 2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Trigg v. United States, 125 S. Ct. 995 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court requested and received supplemental letter briefs addressing the impact of <u>Booker</u>.

In his supplemental letter brief, Trigg argues that the district court committed <u>Booker</u> error. The Government reurges application of the appeal waiver.

A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided that the waiver is knowing and voluntary. <u>United States v. Robinson</u>, 187 F.3d 516, 517 (5th Cir. 1999). The defendant must know that he had a right to appeal and that he was relinquishing that right. <u>United States v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994). When the record shows that the defendant read and understood the plea agreement and that he raised no question regarding the sentence appeal waiver provision, he will be held to the bargain that he has struck. <u>Id.</u> at 292-93; <u>accord</u> <u>United States v. McKinney</u>, 406 F.3d 744, 746 (5th Cir. 2005).

The record reflects that Trigg's appeal waiver was knowing and voluntary. He preserved the right to appeal only (1) a sentence in excess of the maximum sentence; (2) an upward departure from the guidelines range; and (3) ineffectiveness of counsel. "The language in [an] appellate waiver must be afforded its plain meaning in accord with the intent of the parties at the time the plea agreement was executed." <u>United States v. Cortez</u>, ___ F.3d ___, No. 04-10152, 2005 WL 1404944, at *1 (5th Cir. June 16, 2005) (per curiam). Therefore, the reservations in Trigg's appeal waiver do not preserve the district court's factual findings and legal conclusions underlying its determination of

the appropriate guidelines range.  See id. (sentence in excess of the statutory maximum); McKinney, 406 F.3d at 746-47 (upward departure).

Having reconsidered our decision in accordance with the Supreme Court's instructions, we REINSTATE OUR JUDGMENT dismissing Trigg's appeal from his sentence.