United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-21106
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN M. BEAIRD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-633-1
--------------------

Before GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written agreement, John M. Beaird pleaded guilty to one count of wire fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2. The district court sentenced him to the statutory maximum prison term of 60 months, imposed a three-year supervised-release term, and ordered him to pay a total of $465,806 in restitution. Of the restitution ordered, $200,000 in attorney's fees and litigation expenses, associated with assistance to the FBI in the investigation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beaird's offense, was to be paid to Camden Capital Mortgage, Inc. ("Camden").  Beaird now appeals.

For the first time on appeal, Beaird contends that his sentence was improperly increased under the Sentencing Guidelines based on facts that were not charged in his indictment, not submitted to a jury, and not admitted by him.  Citing a line of authority running from Apprendi v. New Jersey, 530 U.S. 466 (2000), to United States v. Booker, 125 S. Ct. 738 (2005), he maintains that this violated his Sixth Amendment jury-trial right.  The record reflects, however, that Beaird knowingly and voluntarily waived his right to appeal his sentence, pursuant to a waiver provision in his plea agreement.  Such waiver provisions remain valid in the aftermath of Booker.  See United States v. Cortez, No. 04-10152, 2005 WL 1404944 (5th Cir. June 16, 2005).  For purposes of waiver-of-appeal provisions, Booker does not alter the meaning of the term "statutory maximum," which we afford its "natural and ordinary meaning of 'the upper limit of punishment that Congress has legislatively specified for violations of a statute.'"  Id. (citing United States v. Rubbo, 396 F.3d 1330, 1334-35 (11th Cir. 2005)).  We uphold the waiver with respect to Beaird's Booker challenge and his Sentencing Guidelines arguments.

For the first time on appeal, Beaird argues that the district court erred in ordering him to pay restitution to Camden, in the form of attorney's fees and other litigation expenses, that amounted to "consequential" damages.  It is true

that a victim cannot recover "consequential" damages as restitution in a criminal case. See United States v. Onyiego, 286 F.3d 249, 256 (5th Cir. 2002). Both Beaird and the Government, however, overlook the fact that the district court applied 18 U.S.C. § 3663A(b)(4) of the Mandatory Victims Restitution Act ("MVRA") of 1996. The plain language of 18 U.S.C. § 3663A(b)(4) directs the sentencing court in certain cases, including fraud cases, to require the defendant to "reimburse the victim for . . . other expenses incurred during participation in the investigation or prosecution of the offense." Because that is precisely what the district court did in Beaird's case, no plain error is evident. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc); United States v. Olano, 507 U.S. 725, 732 (1993).

For the first time on appeal, Beaird contends that the district court erred by not sua sponte continuing his sentencing hearing when a third PSR addendum was filed only six days before the scheduled hearing. He argues that he was prejudiced by not having time to verify and object to the information in the addendum, which allegedly resulted in a 13-level offense-level increase under the Guidelines. Because the third addendum dealt only with Camden's request for restitution, however, Beaird's contention is not supported by the record, and he cannot show plain error as to this claim. See Calverley, 37 F.3d at 162-64.

The judgment of the district court is AFFIRMED.