United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11133
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FREDRICK LAMONT GUINYARD

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-293-ALL-G
--------------------

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Fredrick Lamont Guinyard appeals his conditional guilty plea to possession with intent to distribute crack cocaine and possession of a firearm during a drug-trafficking crime. He first argues that the district court erred in denying his motion to suppress. Guinyard avers that the drugs and firearm seized as a result of the search of a residence where he was staying were suppressible because the officers did not have a search warrant and because the drugs were not in plain view at the time that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officers breached the curtilage of the residence.  Guinyard also avers that the officers manufactured the exigent circumstances that caused them to enter the residence without a warrant, thereby causing the exigent-circumstance exception to the warrant requirement to be inapplicable.

A district court's ruling on a motion to suppress based upon live testimony at a suppression hearing is accepted unless clearly erroneous or influenced by an incorrect view of the law. United States v. Foy, 28 F.3d 464, 474 (5th Cir. 1994); United States v. Laury, 985 F.2d 1293, 1314 (5th Cir. 1993).  Viewing the evidence in the light most favorable to the Government, we conclude that the district court did not err in finding that the officers did not breach the curtilage of the home as they approached the home and stood around the front door to conduct the "knock and talk."  United States v. Thomas, 120 F.3d 564, 571 (5th Cir. 1997).

Nor do we find any merit in Guinyard's argument that the police officers manufactured the exigent circumstances which caused the officers to enter the house without a warrant.  The occupants, not the officers, caused the exigent circumstances by opening the window revealing the drugs in plain view to anyone standing outside the residence and by shouting out "5-0."  See United States v. Rico, 51 F.3d 495, 506 (5th Cir. 1995).  The officers' subsequent entry into the house was justified to ensure their safety and to prevent destruction of the drugs they

observed through the window.  United States v. Jones, 239 F.3d 716, 722 (5th Cir. 2001).

Guinyard avers next that the district court committed reversible error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines system held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005).  Guinyard's plea agreement contained a waiver-of-appeal provision by which he waived, inter alia, "the right to appeal the sentence imposed or the manner in which it was determined," except for a sentence above the statutory maximum or an upward departure from the applicable Guidelines range.

A defendant may waive his statutory right to appeal as part of a plea agreement.  United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).  This court reviews de novo whether an appeal waiver prevents an appeal.  United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002).  To make this determination, this court conducts a two-step inquiry, asking (1) "whether the waiver was knowing and voluntary," and (2) "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement."  United States v. Bond, __ F.3d __, 2005 WL 1459641 at *2 (5th Cir. June 21, 2005).

The record reflects that Guinyard knowingly waived his right to appeal his sentence.  The district court specifically referenced the appeal-waiver provision at the rearraignment hearing and advised Guinyard that he waived his right to appeal

except on certain limited grounds.  Guinyard stated that he understood the appeal-waiver clause.  The fact that <u>Booker</u> was decided after Guinyard entered his guilty plea does not invalidate the plea.  See <u>Brady v. United States</u>, 397 U.S. 742, 757 (1970); <u>United States v. Bradley</u>, 400 F.3d 459, 464 (6th Cir. 2005), <u>petition for cert. filed</u> (June 9, 2005) (No. 04-10620).  Thus, the appeal waiver precludes review of Guinyard's <u>Booker</u> claim.  <u>See</u> <u>Bond</u>, 2005 WL 1459641 at *2-3; <u>United States v. Cortez</u>, __ F.3d __, 2005 WL 1404944 at *1 (5th Cir. June 16, 2005); <u>United States v. McKinney</u>, 406 F.3d 744, 746-47 (5th Cir. 2005).  The judgment of the district court is AFFIRMED.