United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20927
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KARLTON DOUGLAS COSTLY-REYES,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-312-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

    Karlton Douglas Costly-Reyes pleaded guilty to a one-count
indictment charging him with being an alien found in the United
States after deportation following an aggravated felony
conviction.  He argues that the district court plainly erred when
it determined that a prior conviction for burglary of a
habitation was a crime of violence under U.S.S.G. § 2L1.1 and
that his sentence should be reversed under United States v.
Booker, 543 U.S. 220 (2005).  The plea agreement contained a

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waiver-of-appeal provision in which Costly-Reyes waived his statutory right to appeal the sentence imposed or the manner in which it was determined with the exception that he could appeal a sentence imposed above the statutory maximum or that was an upward departure from the Sentencing Guidelines as set forth in 18 U.S.C. § 3742.

The Government argues that Costly-Reyes's appeal of his sentence must be dismissed because he knowingly and voluntarily waived his right to appeal his sentence and his challenges to his sentence do not fall within the reserved exceptions to the waiver.  Costly-Reyes has not addressed the waiver issue.  A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992); United States v. Robinson, 187 F.3d 516, 518 & n.2 (5th Cir. 1999); FED. R. CRIM. P. 11(b)(1)(N).

In United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005), this court enforced an appeal-waiver provision substantively identical to the one in Costly-Reyes's plea agreement.  Because the record shows that Costly-Reyes knowingly and voluntarily waived his right to appeal any sentence that did not exceed the statutory maximum of 20 years or was not an upward departure from the Guidelines, the waiver provision is effective and bars Costly-Reyes from challenging his sentence.  This part of the appeal is dismissed.

Costly-Reyes also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Costly-Reyes's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). We need not decide whether this claim is barred by Costly-Reyes's appeal waiver because the issue is foreclosed. Although Costly-Reyes contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). This part of the judgment is affirmed.

DISMISSED IN PART, AFFIRMED IN PART.