United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40256
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS NAPOLES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-191-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Napoles is appealing his sentence imposed following his

guilty plea convictions for conspiracy to money launder and

possession with intent to distribute more than 500 grams of

cocaine. Napoles was sentenced to concurrent terms of

imprisonment of 240 months for the money laundering offense and

300 months for the drug-trafficking offense.

Napoles argues for the first time on appeal that the

district court violated his Sixth Amendment rights by enhancing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence based on facts that were not admitted by him or found by a jury beyond a reasonable doubt.  He argues that this was constitutional error in light of the holding in United States v. Booker, 543 U.S. 220 (2005).

The Government argues that the appeal should be dismissed because, as part of his plea agreement, Napoles waived his right to appeal his sentence or the manner in which it was determined. Napoles did not address the waiver in his brief or in a reply brief.

The record reflects that Napoles knowingly and voluntarily waived his right to appeal his sentence.  See United States v. Burns, 433 F.3d 442, 450 (5th Cir. 2005); United States v. Bond, 414 F.3d 542, 545-46 (5th Cir. 2005); United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005).  Because the waiver is valid, the appeal is dismissed as frivolous.  See 5TH CIR. R. 42.2.

Counsel Everto A. Villarreal is warned that pursuing an appeal despite a valid appeal waiver provision in the plea agreement and failing to address the waiver in a reply brief after it was raised by the Government in its brief is a needless waste of judicial resources and will invite sanctions.  See United States v. Gaitan, 171 F.3d 222, 224 (5th Cir. 1999).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.