United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20157
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVE ANTONIO GRANT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CR-44-ALL
--------------------

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Dave Antonio Grant appeals his sentence following his guilty-plea conviction for possession with intent to distribute marijuana, a violation of 21 U.S.C. § 841. The district court sentenced Grant to 120 months of imprisonment, five years of supervised release, and a $100 special assessment.

Grant contends that his sentence violates the "Rule of Speciality" because his sentence was based on a larger drug quantity than the quantity specified in various documents seeking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his extradition from Jamaica. He also asserts that the district court erred by enhancing his sentence on the basis of certain judicial findings of fact at sentencing.

The Government argues that Grant's plea agreement contains a waiver of appeal that bars his appeal. Grant argues that the waiver should not be enforced because it was unknowing, involuntary, and unconscionable. More particularly, he asserts that he pleaded guilty to possessing with intent to distribute a larger quantity of marijuana than the quantity determined by laboratory testing.

We review de novo whether a waiver provision bars an appeal. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). We determine whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at issue. United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005).

The record reflects that Grant knowingly and voluntarily waived his right to appeal his sentence, except for a sentence in excess of the statutory maximum or that was the result of an upward departure from the Sentencing Guidelines. See United States v. Cortez, 413 F.3d 502, 503 (5th Cir. 2005); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); FED. R. CRIM. P. 11(b)(1)(N). Because Grant's sentence was not in excess of the statutory maximum and did not constitute an upward departure from

2

the Guidelines, we DISMISS Grant's appeal as barred by the waiver contained in the plea agreement.

APPEAL DISMISSED.