UNITED STATES of America, Plaintiff–Appellee,

v.

Dionne YARBROUGH, Defendant–Appellant.

No. 04–20101.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided April 11, 2006.

Paula Camille Offenhauser, Assistant U.S. Attorney, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Dionne Yarbrough appeals the 42–month sentence imposed by the district court following his guilty plea conviction for possession of stolen mail matter. He argues for the first time on appeal that the district court violated his Sixth Amendment rights by enhancing his sentence

---

based on facts that were not admitted by him or found by a jury beyond a reasonable doubt. He argues that this was constitutional error in light of the holding in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The Government argues that, as part of his plea agreement, Yarbrough waived his right to appeal his sentence or the manner in which it was determined. Yarbrough counters that he could not have waived a right that was not recognized at the time he executed the waiver. He argues further that the appeal waiver does not bar his claim, which effectively is a claim that his sentence exceeds the statutory maximum.

The record reflects that Yarbrough knowingly and voluntarily waived his right to appeal his sentence. *See United States v. Burns,* 433 F.3d 442, 450 (5th Cir.2005); *United States v. Bond,* 414 F.3d 542, 545–46 (5th Cir.2005); *United States v. Cortez,* 413 F.3d 502, 503 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 502, 163 L.Ed.2d 365 (2005). Yarbrough's appeal waiver is enforceable and bars his claims on appeal.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.