United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11094
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR HURTADO-AGUILAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-361-P
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Hector Hurtado-Aguilar appeals following his guilty-plea conviction and sentence for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Hurtado-Aguilar contends that the appellate-waiver provision in his plea agreement does not preclude the instant appeal because his claim is, under Blakely v. Washington, 542 U.S. 296 (2004), a claim that his sentence exceeds the applicable statutory maximum. Further, he argues that because Blakely was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not applicable at the time of his waiver, it was impossible for him to make a valid waiver of his rights under Blakely. The Government disagrees and seeks to enforce the appellate-waiver provision.

The record reflects that Hurtado-Aguilar knowingly and voluntarily waived his right to appeal his sentence. See United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005). Hurtado-Aguilar's sentence did not exceed the statutory maximum. See United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005); United States v. Bond, 414 F.3d 542, 545-46 (5th Cir. 2005). Further, the fact that Blakely and United States v. Booker, 543 U.S. 220 (2005), were decided after Hurtado-Aguilar entered his guilty plea does not invalidate the otherwise valid plea. See United States v. Burns, 433 F.3d 442, 450-51 (5th Cir. 2005). Therefore, Hurtado-Aguilar's claims are barred by the appellate-waiver provision in his plea agreement.

AFFIRMED.