United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11142
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC DEMICHAEL BUTLER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-100-ALL-G
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Cedric Demichael Butler appeals the 71-month sentence
imposed following his guilty plea conviction for possession of a
firearm by a felon. 18 U.S.C. §§ 922(g)(1), 924(a)(2). He
argues that his Sixth Amendment rights were violated at
sentencing in violation of Blakely v. Washington, 542 U.S. 296
(2004), because his sentence was enhanced on the basis of facts
not alleged in the indictment, admitted by him, or proved to a
jury beyond a reasonable doubt. The Government argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal is barred by the appeal waiver provision in Butler's plea agreement.  Butler contends that the waiver does not bar the appeal because the waiver contained an exception for an appeal of a sentence in excess of the statutory maximum punishment and because at the time of his plea "Blakely was not the law in the Fifth Circuit or any federal jurisdiction."

The record reflects that Butler knowingly and voluntarily waived his right to appeal his sentence.  See United States v. Burns, 433 F.3d 442, 450-51 (5th Cir. 2005); United States v. Bond, 414 F.3d 542, 545-46 (5th Cir. 2005); United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005).  The appeal waiver is enforceable and bars his claims on appeal.

AFFIRMED.