United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-20101
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

DIONNE YARBROUGH,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-293-1
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:*

     Dionne Yarbrough appeals the 42-month sentence imposed by
the district court following his guilty plea conviction for
possession of stolen mail matter. He argues for the first time
on appeal that the district court violated his Sixth Amendment
rights by enhancing his sentence based on facts that were not
admitted by him or found by a jury beyond a reasonable doubt. He
argues that this was constitutional error in light of the holding
in United States v. Booker, 543 U.S. 220 (2005).

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues that, as part of his plea agreement, Yarbrough waived his right to appeal his sentence or the manner in which it was determined.  Yarbrough counters that he could not have waived a right that was not recognized at the time he executed the waiver.  He argues further that the appeal waiver does not bar his claim, which effectively is a claim that his sentence exceeds the statutory maximum.

The record reflects that Yarbrough knowingly and voluntarily waived his right to appeal his sentence.  See United States v. Burns, 433 F.3d 442, 450 (5th Cir. 2005); United States v. Bond, 414 F.3d 542, 545-46 (5th Cir. 2005); United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005).  Yarbrough's appeal waiver is enforceable and bars his claims on appeal.

AFFIRMED.