United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10291
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS HARRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-234-1-H
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Marcus Harris appeals his sentence following his guilty-plea
conviction for conspiracy to commit bank fraud under 18 U.S.C.
§§ 871 and 1344. The district court sentenced Harris to 60
months of imprisonment, three years of supervised release,
restitution of $518,412, and a $100 special assessment. Harris's
substantive issues on appeal concern the determination of his
offense level and the amount of restitution.

The Government moves to dismiss the appeal arguing that
Harris's plea agreement contains a waiver of appeal that bars his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal. Harris argues that the waiver should not be enforced because it was unknowing and involuntary and that to enforce the waiver would be a miscarriage of justice. We review de novo whether a waiver provision bars an appeal. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). We determine whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at issue. United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005).

The record reflects that Harris knowingly and voluntarily waived his right to a direct appeal of his sentence, except for a sentence that was in excess of the statutory maximum, that was the result of an upward departure from the Sentencing Guidelines, or that was an arithmetic error. United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); United States v. Burns, 433 F.3d 442, 450-51 (5th Cir. 2005). Harris does not assert either an upward departure or an arithmetic error. Harris argues under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), that his sentence exceeded the statutory maximum. We rejected this argument in United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005).

Because Harris's issues on appeal do not fall within the preserved exclusions to the valid waiver of appeal, they are barred. The Government's motion to dismiss the appeal is DENIED because a valid appeal waiver does not implicate our

jurisdiction.  <u>United States v. Story</u>, 439 F.3d 226, 230-31 (5th Cir. 2006).

AFFIRMED.