United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20101
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

PATRICIA O'KANE,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-364-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Patricia O'Kane pleaded guilty to wire fraud and bankruptcy

fraud and was sentenced to concurrent sentences of 30 months of

imprisonment and concurrent terms of five years and three years

of supervised release.  The district court imposed a $200

assessment and ordered O'Kane to pay $22,491.54 in restitution.

She now appeals, arguing that the appeal waiver provision of her

plea agreement does not bar a challenge to her sentence, that the

scope of appellate review regarding her sentence is not limited

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

if the waiver provision is inoperable, and that the district court erred in the application of the Sentencing Guidelines with regard to the calculation of the amount of loss.  O'Kane asserts that the plea agreement, which reserved the right to appeal a sentence in excess of the statutory maximum, does not bar her claims because her sentence exceeds the "statutory maximum" as that term is defined in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).  The Government seeks to enforce the waiver.

By its plain language, O'Kane's knowing and voluntary appeal waiver bars her claims, as she was not sentenced above the statutory maximum.  See United States v. Bond, 414 F.3d 542, 544-46 (5th Cir. 2005); United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005).  O'Kane's attempts to distinguish these cases are unavailing.

AFFIRMED.