United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11511
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON DAVID SATTLER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-63-2-L
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brandon David Sattler appeals his sentence following his guilty plea conviction for bank fraud and aiding and abetting. Sattler argues that: (1) the district court violated the Ex Post Facto Clause because it sentenced him using the 2001 United States Sentencing Guidelines; (2) his sentence was improper under United States v. Booker, 543 U.S. 220 (2005); and (3) the district court erred in making his sentence consecutive to his sentence in an unrelated state case. However, Sattler knowingly and voluntarily waived his appellate rights, the Government moves to dismiss the appeal on the basis of the waiver, and the plain

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

language of the waiver bars this appeal.  See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006); United States v. Bond, 414 F.3d 542, 546 (5th Cir. 2005); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005).

Sattler's argument that the waiver does not bind him because it was perfected prior to the release of Booker is unavailing. See United States v. Burns, 433 F.3d 442, 450-51 (5th Cir. 2005). Sattler's argument that the waiver does not bar his appeal because his sentence exceeds the statutory maximum sentence is foreclosed by United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005).  Sattler has not shown that the district court made any arithmetic errors in the process of applying the Guidelines.  Sattler's argument that he did not waive the right to appointed counsel on direct appeal does not alter the validity or enforceability of the waiver.

MOTION DENIED; AFFIRMED.