United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20990
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON READ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-610-4
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Nelson Read pleaded guilty to conspiracy to possess with the intent to distribute cocaine and was sentenced to 170 months of imprisonment and five years of supervised release. The district court imposed a $100 assessment and a $1000 fine.

Read now appeals, arguing that the appeal waiver provision of his plea agreement does not bar a challenge to his sentence and that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005). Read asserts that the plea agreement, which reserved the right to appeal a sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resulting from an upward departure from the Guidelines, does not bar his claim because the language is ambiguous. He further asserts that the waiver is invalid because it was unknowing and involuntary. The Government seeks to enforce the waiver.

The district court complied with FED. R. CRIM. P. 11. The record indicates that Read's appeal waiver was knowing and voluntary. By its plain language, Read's appeal waiver bars his sentencing claim, as his sentence was not the result of an upward departure from the Sentencing Guidelines. See United States v. Bond, 414 F.3d 542, 544-46 (5th Cir. 2005); United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005). As such, we do not address the merits of Read's challenge to his sentence.

Accordingly, the judgment of the district court is AFFIRMED.