United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20342
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO JAIME TREVINO-FLORES, also know as Prieto,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-437-3
---------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Jaime Trevino-Flores (Trevino) appeals the sentence imposed by the district court following his guilty plea conviction for aiding and abetting in the possession with the intent to distribute marijuana. As his sole argument on appeal, Trevino argues that the district court improperly considered his criminal history in determining the amount of his downward departure under U.S.S.G. § 5K1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government moves to dismiss Trevino's appeal on the basis of the plea agreement, which contained a waiver-of-appeal provision providing that Trevino waived his right to appeal except an "upward departure from the USSG sentencing issues only."

The record reflects that Trevino's waiver was knowing and voluntary.  See FED. R. CRIM. R. 11(b)(1)(N); United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999).  Giving the language in the waiver its ordinary and natural meaning, see United States v. Cortez, 413 F.3d 502, 503 (5th Cir.), cert. denied, 126 S. Ct. 502 (2005), Trevino reserved only the right to appeal a sentence that represented an upward departure from the recommended Sentencing Guidelines range.  Trevino cites to no authority supporting his assertion that the term "upward departure" could also be a reference to a sentence greater than that which he subjectively expected.

Because Trevino's issue on appeal does not fall within the preserved exclusion to the valid waiver of appeal, it is barred. The Government's motion to dismiss the appeal is denied as moot because a valid appeal waiver does not implicate our jurisdiction.  United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

AFFIRMED; MOTION DENIED.