# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50791
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AMANDA ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-46-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Amanda Romero appeals the sentence imposed following her guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine. She contends that the Government breached the plea agreement and that the district court erred by denying her a reduction pursuant to U.S. Sentencing Guideline § 3E1.1 for acceptance of responsibility. U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (U.S. SENTENCING COMM'N

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50791

2018).  The Government argued at sentencing that Romero was not entitled to a two-level reduction for acceptance of responsibility based on her criminal activity while released on bond.  The district court agreed with the Government's position and denied the reduction.

The parties dispute the applicable standard of review.  We assume without deciding that de novo review applies because Romero cannot prevail even under that more lenient standard.  *See United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014).

Romero maintains that the Government breached an implicit promise in the plea agreement not to oppose a two-level reduction under § 3E1.1(a).  However, the Government made no explicit or implicit promises as to the reduction, including whether to recommend it or not oppose it.  Because the plea agreement did not impose any obligations on the Government as to the two-level reduction set forth in § 3E1.1(a), or restrict the arguments that the Government could present in that regard, the Government did not breach the plea agreement by arguing against the two-level reduction.  *See id.* at 294; *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005) (per curiam); *United States v. Delgado*, No. 18-50674, --- F. App'x ---, 2019 WL 1963606 (5th Cir. May 1, 2019) (per curiam) (reaching the same result on plain error review)[1]; *cf. United States v. Munoz*, 408 F.3d 222, 227-28 (5th Cir. 2005).  We find that even under de novo review, the district court committed no error.

Because Romero has not shown that the Government breached the plea agreement and does not argue that the appeal waiver in her plea agreement is otherwise invalid, we may not review any claims that are barred by the waiver.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Therefore, we do

---

[1] While our unpublished opinions are not controlling precedent, they may be persuasive authority.  *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citation omitted).

No. 18-50791

not consider Romero's challenge to the denial of a reduction under § 3E1.1.  *See id.*

The appeal is DISMISSED.