# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40324
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS GILBERTO ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-141-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Carlos Gilberto Ortiz challenges the sentence imposed by the district court following his guilty plea convictions for conspiring to possess with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He claims that the district court erred under U.S.S.G. § 5G1.3 in ordering that his sentence on the methamphetamine conspiracy run consecutively to his anticipated sentences in two pending state criminal cases.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40324

Ortiz also raises two challenges to the special conditions of his supervised release, arguing that the special conditions unconstitutionally delegate judicial authority to the probation officer and that the special conditions are unconstitutional because, by requiring him to pay the costs of his participation in drug treatment and mental health programs, they create the possibility that he will be imprisoned because he is unable to pay a debt.  The Government seeks summary dismissal of the appeal, asserting that all of Ortiz's claims are barred by the appellate waiver provision in his plea agreement.

We review the validity of an appeal waiver de novo.  *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  The record in this case shows that the waiver was knowing and voluntary, as Ortiz knew that he had the right to appeal and that he was giving up that right in the plea agreement.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).

Here, Ortiz waived his right to appeal his sentence "on all grounds," reserving only the rights "to appeal any punishment imposed in excess of the statutory maximum" and to bring a claim of ineffective assistance of counsel.  Although "any ambiguity must be construed in favor of the defendant's right to appeal, we will not read ambiguity into an agreement in which none readily manifests itself."  *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011) (internal quotation marks and footnote citation omitted).  Accordingly, we reject Ortiz's contention that he would not have reasonably understood that his broad waiver of appellate rights would apply to the district court's order that his federal sentence run consecutively to his state sentences; Ortiz "might now wish that the plea agreement were worded differently, but an agreement should be enforced as written, without regard to whether the parties contracted wisely."  *Id.* at 783 (internal quotation marks and footnote citation omitted).

No. 19-40324

As to Ortiz's constitutional challenges to the conditions of his supervised release, we have held that "the term 'sentence' unambiguously includes [supervised release] and its conditions as a matter of law." *United States v. Higgins*, 739 F.3d 733, 738 (5th Cir. 2014). Here, the challenged supervised release conditions do not exceed "the upper level of punishment that Congress has legislatively specified for violations of a statute," *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005) (internal quotation marks and citation omitted), nor has Ortiz shown that the challenged conditions violate the statutory limitations established by 18 U.S.C. § 3583(d) in a way that constitutes a punishment in excess of the statutory maximum, *see Higgins*, 739 F.3d at 739. Thus, all of Ortiz's claims are encompassed by his valid waiver of appellate rights, and the exceptions to the appeal waiver do not apply.

In view of the foregoing, we enforce the appellate waiver and DISMISS the appeal as a means of enforcing the Government's contractual rights under the plea agreement. *See United States v. Story*, 439 F.3d 226, 230-31 & n.5 (5th Cir. 2006). The Government's motion for summary dismissal is GRANTED, and its alternative motion for an extension of time to file a merits brief is DENIED.