# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2022

No. 21-30690
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON BOYET,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CR-51-1

---

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Jason Boyet pled guilty pursuant to a written plea agreement to one count of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). He was sentenced at the low end of the Guidelines range to 210 months of imprisonment and five years of supervised release. He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

challenges his sentence on appeal, arguing that the district court failed to recognize its authority to depart from the Sentencing Guidelines based on policy disagreements and erred by applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B). He also argues the written judgment broadens and therefore conflicts with the oral pronouncement of a special condition of supervised release and so must be reformed.

The government has invoked the appeal waiver, arguing that the waiver is knowing and voluntary and bars the guidelines challenges raised on appeal. The government agrees, however, that the written judgment conflicts with the oral pronouncement of sentence and does not seek to enforce the appeal waiver as to this issue. *See United States v. Story*, 439 F.3d 226, 230–31 & n.5 (5th Cir. 2006).

Whether an appeal waiver bars an appeal is a question we review *de novo. United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). Here, we agree the appeal waiver bars Boyet's claim that the district court failed to recognize its authority to depart from the Guidelines and erred by applying Section 2G2.2(b)(3)(B). The record demonstrates that "the waiver was knowing and voluntary and . . . applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Because there is no argument that Boyet's 210-month-sentence exceeds the 20-year statutory maximum or that trial counsel rendered ineffective assistance, the two exceptions to the waiver do not apply. *See United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005). Moreover, although Boyet argues the appeal waiver is inherently unknowing because he could not have possibly known of a sentencing error when he entered into the plea agreement, he concedes that argument is foreclosed and raises it to preserve it for further review. *See United States v. Barnes*, 953 F.3d 383, 386–87 (5th Cir. 2020); *United States v. Burns*, 433 F.3d 442, 449–50 (5th Cir. 2005).

With respect to the challenged condition of supervised release, the district court pronounced at sentencing, as a special condition, that Boyet "shall not cohabitate with anyone who has children under the age of 18," but the written judgment, in special condition number 9, states Boyet "shall not date or cohabitate with anyone who has children under the age of 18." The condition that Boyet not *date* anyone who has children under the age of 18 was not pronounced by the district court or set forth in the presentence report and, therefore, Boyet had no opportunity to object to the condition. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020); *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020) (*en banc*). Moreover, by including the additional prohibition against *dating* someone with children under the age of 18, the written judgment imposes a more burdensome and broader condition than the one orally pronounced. Accordingly, the written judgment conflicts with the oral pronouncement of sentence and must be amended. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006); *see also United States v. Tang*, 718 F.3d 476, 486–87 (5th Cir. 2013) (finding conflict where oral pronouncement prohibited defendant from cohabitating with anyone with children under the age of 18 while written judgment prohibited both cohabitation with and dating such an individual).

Boyet's claims that the district court failed to recognize its authority to depart from the Guidelines based on policy disagreements and erred by applying an enhancement under Section 2G2.2(b)(3)(B) are DISMISSED as barred by the valid appeal waiver. However, we REMAND to the district court so the written judgment may be amended to conform with the oral pronouncement of sentence as it pertains to the special condition of supervised release identified herein.