# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2022

Lyle W. Cayce
Clerk

No. 22-30343
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMAL BAZLEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CR-58-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jamal Bazley pled guilty to one count of felon in possession of a firearm and was sentenced within the guidelines range to an 80-month term of imprisonment, followed by a three-year term of supervised release. On appeal, Bazley contests the application of the enhancement for possession of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-30343

a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B).

Bazley pled guilty pursuant to a plea agreement wherein he waived the right to appeal his conviction and sentence, reserving only his right to bring a direct appeal of a sentence imposed in excess of the statutory maximum and the right to raise a claim of ineffective assistance of counsel. The Government seeks to enforce the appeal waiver in Bazley's plea agreement.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). Our review of the record shows that Bazley's waiver was knowing and voluntary. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir. 1994). The waiver plainly applies to his challenge to the application of a sentencing enhancement. *See Bond*, 414 F.3d at 544. Because there is no argument that Bazley's sentence exceeds the statutory maximum or that he received ineffective assistance of counsel, the exceptions to the waiver do not apply. *See United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005). Thus, the waiver precludes consideration of Bazley's challenge. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Accordingly, the appeal is DISMISSED.