United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41702
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALICIA LOZOYA-TORRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-632-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alicia Lozoya-Torres (Lozoya) appeals the 46-month sentence she received following her guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. She argues that the district court erred in sentencing her under the mandatory version of the Sentencing Guidelines, that the sentencing provisions in § 1326 are unconstitutional, and that the district court erred by ordering her to cooperate in the collection of a DNA sample as a condition of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government urges that Lozoya's challenge to her sentence imposed under a mandatory version of the guidelines is barred by the waiver-of-appeal provision in her plea agreement. Lozoya counters that the appeal-waiver provision is invalid because her plea agreement was accepted before the issuance of United States v. Booker, 543 U.S. 220 (2005). This court has recently rejected that precise argument. United States v. Burns, 433 F.3d 442, 450-51 (5th Cir. 2005). The appeal-waiver provision is enforceable and bars her complaint that she was sentenced under the formerly mandatory guidelines scheme.

Lozoya's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Lozoya contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Lozoya properly concedes that her argument is foreclosed in light of Almendarez-Torres and circuit precedent, but she raises it here to preserve it for further review.

Lozoya's challenge to the special condition of supervised release that she cooperate in the collection of a DNA sample, even if not barred by the waiver-of-appeal provision, is not ripe for review on direct appeal. See United States v. Riascos-Cuenu,

428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed
(Jan. 9, 2006) (No. 05-8662).  That claim is dismissed for lack
of jurisdiction.  See id. at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.