United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-41386

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OHARA LINEAR LAWS,

Defendant-Appellant.

————————————————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
Case No. G-02-CR-8-ALL

————————————————————————————————————————

**ON PETITION FOR REHEARING**

Before BARKSDALE, BENAVIDES, and DENNIS, Circuit
Judges.

PER CURIAM:[*]

The petition for rehearing is GRANTED. The panel's

December 7, 2005 opinion is VACATED and replaced with the

following opinion.

On April 7, 2003, defendant Ohara Linear Laws pleaded

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not
precedent except under the limited circumstances set forth
in 5th Cir. R. 47.5.4.

1

guilty to one count of possession with the intent to distribute 50 grams or more of cocaine base, pursuant to a plea agreement with the government. In the plea agreement, Laws waived his right to appeal his conviction and sentence except to the extent that his sentence represented an upward departure from the applicable guidelines range calculated by the district court.

The presentence investigation report attributed to Laws a total of 483.95 grams of cocaine base, yielding a guidelines range of 240 to 293 months in prison. Laws filed written objections to the presentence investigation report, but the district court adopted the guidelines range recommended in the report and sentenced Laws to 282 months in prison.

This court affirmed Laws' conviction and sentence on July 20, 2004. On January 24, 2005, the Supreme Court vacated our decision and remanded the case to this court for consideration in light of United States v. Booker, 543 U.S. 220 (2005). See Laws v. United States, 543 U.S. 1112 (2005). This court then directed the parties to file supplemental briefs addressing the effect of Booker.

Laws asserts that his sentence runs afoul of <u>Booker</u> because it was based on facts—specifically, the drug quantities that the sentencing court attributed to Laws—that were neither admitted by Laws nor found by a jury beyond a reasonable doubt. The government argues that Laws waived his right to appeal in his plea agreement with the government, and that, in any event, he has not established that the sentencing court committed plain error. Because we agree with the government that Laws' appeal waiver encompasses his current claim, we must dismiss the appeal.

In its previous opinion in this case, this court already rejected Laws' challenge to the validity of his appeal waiver. Nothing in the Supreme Court's <u>Booker</u> decision affects that finding. This court has repeatedly held that an appeal waiver contained in a pre-<u>Booker</u> plea agreement can apply to bar a defendant's later <u>Booker</u> claims. <u>See</u> <u>United States v. Burns</u>, 433 F.3d 442, 445-50 (5th Cir. 2005); <u>United States v. Bond</u>, 414 F.3d 542, 545-46 (5th Cir. 2005); <u>United States v. McKinney</u>, 406 F.3d 744, 746-47 (5th Cir. 2005). Because Laws' sentence of

3

282 months in prison falls within the guidelines range calculated by the district court and Laws has not shown that the district court erred in calculating the applicable guidelines range, Laws has waived his right to appeal his sentence. Accordingly, the appeal is DISMISSED.