# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2011

Lyle W. Cayce
Clerk

No. 10-30697
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY BENJAMIN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-105-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony Benjamin pleaded guilty to possession with the intent to distribute 50 grams or more of cocaine base, possession with the intent to distribute 500 grams or more of cocaine hydrochloride, and possession of a firearm by a convicted felon. As part of the plea agreement, Benjamin waived his right to appeal his conviction and sentence or to contest his conviction and sentence in any collateral proceeding, reserving the right to appeal a sentence exceeding the statutory maximum punishment and the right to bring a collateral

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge based on ineffective assistance of counsel bearing on the voluntariness of his plea.

On appeal, Benjamin argues that the Fair Sentencing Act of 2010 (FSA) should be applied to cases on direct appeal and seeks to have his sentence vacated and remanded for resentencing in accordance with the provisions of the FSA. The Government argues that Benjamin's appeal of this issue is precluded by the appeal waiver. This court reviews the validity of an appeal waiver de novo. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).

A defendant may waive his right to appeal if the waiver is made knowingly and voluntarily. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Benjamin does not argue that the waiver was not made knowingly or voluntarily. Benjamin argues that the waiver should not be enforced because it would be against public policy to sentence a defendant based on a sentencing system that was changed by the FSA. This argument is not persuasive because, subsequent to the filing of Benjamin's brief, this court issued a published decision holding that the FSA does not apply to defendants who, like Benjamin, were sentenced prior to its enactment. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

Benjamin argues that the appeal waiver does not apply because his current appeal is analogous to an 18 U.S.C. § 3582(c)(2) motion and does not challenge the legality of the sentence as imposed. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009). This argument is incorrect factually as Benjamin is not seeking a reduction in his sentence, but is seeking to have his judgment of conviction vacated and the matter remanded for resentencing.

Benjamin's argument that he should have been sentenced in accordance with the FSA is precluded by his waiver of his right to appeal his sentence.

AFFIRMED.