# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2013

Lyle W. Cayce
Clerk

No. 12-50266
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID JOHN HAMMEREN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-483-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

David John Hammeren pleaded guilty to one count of receipt of child pornography and received 210 months' imprisonment. Contesting that sentence, Hammeren challenges the district court's enhancing his sentence under Guideline § 2G2.2 (trafficking sexually-exploitative material involving minors). Despite his conceding he waived his appellate rights under a plea agreement, Hammeren contends the waiver is unenforceable because: his plea was not knowing and voluntary; the district court implicitly rejected the waiver by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advising him during sentencing of his right to appeal; the Government's failing to object to the court's advising him of his appellate rights precludes it from invoking the waiver on appeal; the plea agreement was a contract of adhesion, procured by prosecutorial vindictiveness and against public policy; and the waiver is contrary to his constitutional right to appeal and appellate courts' duty to review criminal sentences. (The enhancement issues raised on appeal do not fall within the two below-described exceptions to the appeal waiver.) Because the Government invoked the waiver, we consider its application. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

The validity of an appeal waiver is reviewed *de novo. United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005). Defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. *E.g., United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). "To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, [our court] conduct[s] a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

At rearraignment, the district court specifically addressed the appeal-waiver provision of the agreement and obtained Hammeren's affirmative and explicit understanding he was waiving his right to appeal "except for any later claim of ineffective assistance of counsel or any later claim of prosecutorial misconduct". Further, the Government kept its promises made in the plea agreement. Accordingly, the waiver was knowing and voluntary. *E.g., McKinney*, 406 F.3d at 746-47.

Hammeren's asserting the court's statement at sentencing that he had the right to appeal constituted its implicit rejection of the appeal-waiver provision is speculative. Further, a district court does not have the authority to both

accept a plea agreement while striking the appeal-waiver provision. *United States v. Serrano-Lara*, 698 F.3d 841, 844-45 (5th Cir. 2012).

Hammeren's contending the plea agreement should not be enforced because it is a contract of adhesion is also unavailing. He identifies no terms contained in his waiver that have been deemed unconscionable by our court in other cases. Waivers of the statutory right to appeal, in plea agreements similar to Hammeren's, are routinely permitted. *E.g.*, *Burns*, 433 F.3d at 449-50; *Bond*, 414 F.3d at 544-45.

Hammeren's remaining contentions challenging the validity of the appeal waiver are foreclosed by *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992), which rejected the contention that knowing and intelligent waivers of appellate rights are unconstitutional or otherwise unenforceable. Accordingly, we do not consider the other issues raised in Hammeren's appeal, which concern Guideline § 2G2.2 .

DISMISSED.